IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KATHLEEN E. BULLOCK,<br><br>    Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security Administration,<br><br>    Defendant. | CV 23-10-BLG-TJC<br><br>**ORDER** |

Plaintiff Kathleen E. Bullock ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  (Doc. 1.)  The Commissioner subsequently filed the Administrative Record ("A.R.").  (Doc. 7.)

Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial of disability benefits and remand for an award of disability benefits, or alternatively for further administrative proceedings.  (Doc. 12.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 16, 17.)

1

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income on May 4, 2020. (A.R. 173-180.) A hearing was held before Administrative Law Judge Tanya Dvarishkis (the "ALJ") on January 18, 2022. (A.R. 36-65.) On March 2, 2022, the ALJ issued a written decision finding Plaintiff not disabled. (A.R. 13-29.) Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request. (A.R. 1-6.) Thereafter, Plaintiff filed the instant action. (Doc. 1.)

## II. LEGAL STANDARDS

### A. Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is

not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten*, 44 F.3d at 1457. In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). However, even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a

conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

### B. Determination of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work she previously performed, or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

   3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

   4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

   5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098, n.3 (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id*. at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)).

## III.   THE ALJ'S FINDINGS

The ALJ followed the five-step sequential evaluation process in considering Plaintiff's claim. First, the ALJ found Plaintiff had not engaged in substantial

gainful activity during the period from her alleged onset date of June 25, 2018 through her date last insured of December 31, 2020.  (A.R. 16.)

Second, the ALJ found that Plaintiff had the following medically determinable severe impairments: polyarthritis, obesity, meralgia paresthetica, degenerative disc disease, fibromyalgia, lupus, rheumatoid arthritis, Raynaud's disease, idiopathic hypersomnia, obstructive sleep apnea, attention deficit disorder, depression, and anxiety.  (A.R. 16.)

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments.  (A.R. 16-19.)  Specifically, the ALJ determined Plaintiff did not meet Listing 14.02 relating to systemic lupus erythematosus.  (A.R. 17.)

Fourth, the ALJ concluded Plaintiff has the RFC to:

Perform light work as defined in 20 CFR 404.1567(b) except: She can lift, carry, push, and pull up to 20 pounds occasionally and up to 10 pounds frequently.  She can stand and/or walk for 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday.  She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, stoop, kneel, crawl, and crouch. She can have no exposure to unprotected heights, moving mechanical parts, or other workplace hazards.  She cannot operate a motor vehicle as part of employment.  She cannot be exposed to humidity/wetness, dust, odor, fumes, gases, or atmospheric conditions.  She cannot be exposed to extremes of cold and heat, or to vibration.  She can understand, remember, and carry out simple and routine tasks in a job making not more than simple work-related decisions and having not more than occasional changes in the routine work setting and job duties.  She cannot perform high

production/pace work, but she may have a quota as long as she can control the pace of the work. She cannot perform any jobs that require multi-tasking, and that are consistent with Reasoning level 2, defined as "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." She can deal with problems involving a few concrete variables in or from standardized situations. She can frequently reach, handle, finger, and feel with her bilateral upper extremities. She needs to alternate positions with standing and/or walking limited to 1 hour at a time, then she will need to sit for at least 5 minutes before resuming standing and/or walking. Sitting is limited to 30 minutes at a time, then she would need to stand and stretch at her workstation for 5 minutes while remaining on task before resuming a seated position.

(A.R. 19-20.)

The ALJ next found that Plaintiff was unable to perform her past relevant work, but could perform other jobs, such as clerical checker, office helper and copy machine operator. (A.R. 28.) Thus, the ALJ found that Plaintiff was not disabled. (A.R. 29.)

## IV. DISCUSSION

Plaintiff presents the following issues for review: (1) whether the ALJ erred at step three; (2) whether the ALJ improperly discounted the findings and opinions of medical providers; (3) whether the ALJ properly evaluated her subjective symptom testimony; and (4) whether Plaintiff's impairments were properly incorporated into the vocational expert's hypothetical.

/ / /

/ / /

A.     **Whether the ALJ Erred at Step Three**

Plaintiff argues the ALJ erred at step three by finding her impairments did not meet Listing 14.02(A). The Commissioner argues the ALJ reasonably determined Plaintiff did not satisfy the criteria of the Listing.

The claimant bears the burden to establish that she satisfies the required findings of the Listing of Impairments. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The ALJ determined Plaintiff has a medically determinable impairment of lupus. (A.R. 16.) The ALJ also found Plaintiff had various other impairments that involve multiple body systems, including polyarthritis, degenerative disc disease, meralgia paresthetica, fibromyalgia, rheumatoid arthritis, Raynaud's disease, idiopathic hypersomnia, obstructive sleep apnea, attention deficit disorder, depression, and anxiety. (*Id.*) Plaintiff asserts these multiple impairments, in addition to her constitutional symptoms of fatigue and malaise, meet or equal Listing 14.02(A).

Listing 14.02 concerns systemic lupus erythematosus ("SLE"), which is described as "a chronic inflammatory disease that can affect any organ or body

8

system." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 14.00(D).  To meet Listing 14.02(A), a claimant must show (1) involvement of two or more organs/body systems, with (2) one of the organs/body systems involved to at least a moderate level of severity; and (3) at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).  *Id.* at §14.02(A).[1]

For purposes of Listing 14.02, major organs or body system involvement includes respiratory, cardiovascular, renal, hematologic, skin, neurologic, mental, or immune system disorders.  *Id.* at § 14.00(D)(1)(a).  "Severe fatigue" as used in the Listing "means a frequent sense of exhaustion that results in significantly reduced physical activity or mental function."  *Id.* at § 14.00(C)(2).  "Malaise means frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function."  *Id.*

Here, the ALJ did not provide any analysis or explanation for her conclusion that Plaintiff did not meet Listing 14.02.  Rather, the ALJ merely summarized the criteria for the Listing, and made a cursory finding that the "severity of the

---

[1] Alternatively, Listing 14.02(B) can be met by a showing of (1) repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and (2) one of the following at the marked level: (a) limitation of activities of daily living, (b) limitation in maintaining social functioning, or (c) limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 14.02(B).  Plaintiff does not argue she satisfies the B Criteria for Listing 14.02.

9

claimant's lupus does not meet or medically equal the criteria of listing 14.02 relating to systemic lupus erythematosus." (A.R. 17.)

The ALJ is not required "to state why a claimant failed to satisfy every different section of the listing of impairments," but "the ALJ must discuss and evaluate the evidence that supports . . . her conclusion." *Laborin v. Berryhill*, 692 Fed.Appx. 959, 961-62 (9th Cir. 2017) (quoting *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) and *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (internal quotations omitted)). Boilerplate findings are insufficient to support an ALJ's conclusion that a claimant's severe impairments do not meet or equal a listed impairment. *Lewis*, 236 F.3d at 512; *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

The Ninth Circuit generally holds reversal is warranted where the ALJ's discussion at step three does not sufficiently reveal the ALJ's reasoning to allow the Court to evaluate it for substantial evidence. *See e.g. Valladares v. Kijakazi*, 2022 WL 12621012 (9th Cir. April 28, 2022) (remanding for reconsideration of step three where ALJ failed to make sufficient step three findings); *Orcutt v. Kijakazi*, 2021 WL 5414855 (9th Cir. Nov. 19, 2021) ("The ALJ erred at step three by rejecting Listing 1.04a with a one-sentence, boilerplate dismissal when [the claimant] presented with a spinal disorder."); *Laborin v. Berryhill*, 692 F. Appx. 959, 961-62 (9th Cir. 2017) ("A bare statement that [the claimant] does not meet a

listing, without appropriate evaluation or discussion of the medical evidence, is insufficient to conclude that [the claimant's] impairment does not meet or medically equal a listed condition.").

The Commissioner cites *Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir. 1990), to argue the ALJ's subsequent summary of the record constitutes an adequate discussion of the Listing. But in *Gonzalez*, the ALJ provided a four page "evaluation of the evidence" which provided "an adequate statement of the foundations on which the ultimate factual conclusions are based." *Id*. at 1201 (internal quotations omitted.) In contrast, the Court cannot determine from the ALJ's opinion here how she concluded that Plaintiff's severe impairment of lupus did not equal Listing 14.02. *See Santiago v. Barnhart*, 278 F.Supp.2d 1049, 1058 (N.D. Cal. 2003) (rejecting the Commissioner's reliance on *Gonzalez* and finding the ALJ's "failure to articulate some basis for his step-three conclusion necessitates a remand to the Secretary for additional proceedings").

Moreover, there is evidence in the record to potentially support each of the requirements of the Listing. There is evidence of involvement of at least two organs/body systems – mental (anxiety and mood disorders), and immune system disorder (inflammatory arthritis). (A.R. 16.) As to whether the involvement of either system was at a moderate level, the ALJ did not conduct a severity analysis in connection with Listing 14.02. Nevertheless, she did find moderate limitations

in concentration, persisting or maintaining pace, and in adapting or managing oneself, in her "paragraph B" analysis under Listing 12.04 (depressive, bipolar and related disorders). (A.R. 19.) There is also evidence in the record that Plaintiff suffered from fatigue and malaise, although the severity of these constitutional symptoms was not quantified for purposes of Listing 14.02. (A.R. 321, 370, 410, 414, 597-98 601, 602-03, 605, 800, 811, 816, 834, 868, 1033, 1037.)

It is possible the Court could comb through the ALJ's subsequent findings and attempt patch together the missing analysis. But that is not the Court's role in reviewing the ALJ's decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless."). Rather, the Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). *See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("[W]e cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.").

Because the ALJ failed to supply the necessary analysis of Listing 14.02, the Court finds the ALJ's step three determination is not supported by substantial

evidence.[2]

### B. Remand or Reversal

"[T]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d at 728. If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Court finds remand for further proceedings is appropriate because the ALJ is in a better position to evaluate the medical evidence.

/ / /

/ / /

/ / /

/ / /

---

[2] Because the Court finds remand for reconsideration of step three is appropriate, the Court need not reach Plaintiff's remaining arguments.

## V.  CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Commissioner's decision be **REVERSED** and this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 22nd day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge